**In re Tina M. COFFMAN, Debtor.**

No. 00–57986.

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Sept. 21, 2001.

Michael K. Nunner, Cadiz, OH, for debtor.

Thomas McK. Hazlett, St. Clairsville, OH, Chapter 7 Trustee.

### ORDER ON TRUSTEE'S APPLICATION TO COMPEL DELIVERY OF TAX REFUNDS AND BANK BALANCE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an application by the trustee in bankruptcy to compel the debtor to deliver to him certain non-exempt tax refunds and bank account balances. The debtor opposed the application and the Court heard the matter on August 17, 2001.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the General Order of Reference entered in this district. This is a core matter which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A), (E) and (O).

At the hearing the debtor withdrew any opposition to the trustee's request for delivery of the non-exempt portion of her tax refunds. Those funds were previously delivered to the trustee. The remaining dispute is confined to the trustee's request that the debtor turn over the monies in her bank account on a certain postpetition date.

The debtor filed her bankruptcy case on September 6, 2000. On that same day a deposit was made into her checking account by Ohio University. The amount of that deposit was $1,620.36. On September 7, 2000, Ohio University made an additional deposit in the amount of $175. It is those two deposits, plus the pre-existing balance of $287, as adjusted for certain outstanding checks, that the trustee seeks.

Specifically, his application seeks the balance in the account on September 12, 2000, in the amount of $1,516.88.

The debtor's defense to the trustee's application comes from the nature of the funds deposited to her account by Ohio University. Those funds represent the portion of certain student loans or grants which were not required to be applied to tuition. The contract under which the debtor receives the loan proceeds requires that all funds she receives be used only for expenses related to her educational needs. She argues that this requirement means that the funds have been impressed with a constructive trust which limits the bankruptcy estate's interest in the funds in the same manner as her use of them was limited. The funds actually were spent on educational expenses and no longer are in the debtor's bank account. There are no creditors in her case for educational expenses. The only claim that has been filed, in the amount of $19,089.20, represents a deficiency after sale of a repossessed vehicle.

Constructive trust arguments are often advanced in bankruptcy cases to limit the bankruptcy estate's interest in property of the bankruptcy estate. Those arguments are not generally successful, however, because the constructive trust remedy is interpreted very narrowly in a way which requires actual legal impression of a trust prepetition or egregious and/or fraudulent behavior by the debtor that creates an equitable duty to convey property. *XL/Datacomp, Inc. v. Wilson (In re Omegas Group, Inc.)*, 16 F.3d 1443 (6th Cir.1994) and *Kitchen v. Boyd (In re Newpower)*, 233 F.3d 922 (6th Cir.2000). *Poss v. Morris*, 260 F.3d 654 (6th Cir.2001). There is no suggestion of the latter here. The only issue appears to be whether the contractual use provisions in the loan agreements signed by the debtor rise to the level of being a constructive trust limitation on the trustee's use of the monies for the benefit of the bankruptcy estate. Because they do not rise to this level, the trustee's application to compel delivery of the debtor's bank account balance is **GRANTED**.

**IT IS SO ORDERED.**